**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

MICHAEL GRETTLER and BRIAN PERNICIARO,

        Plaintiffs,

        vs.

DIRECTV, LLC, and MASTEC NORTH AMERICA, INC.,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)

Case No. 3:14-CV-01052-RNC

June 5, 2015

Filed Electronically

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT**

REED SMITH LLP
Linda S. Husar (PHV 07007)
Thomas E. Hill (PHV 07035)
Christina T. Tellado (PHV 07390)
355 South Grand Avenue, Suite 2800
Los Angeles, CA 90071
Telephone: 213.457.8000

HALLORAN & SAGE, LLP
Scott S. McKessy (CT Bar # 23259)
315 Post Road
Westport, CT 06880
Phone: 203-222-4321

*Attorneys for Defendants
MasTec North America, Inc., and
DIRECTV, LLC*

## TABLE OF CONTENTS

**Page**

I.    INTRODUCTION AND SUMMARY OF ARGUMENT ........................................... 1

II.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY ............................. 3

    A.   The Parties ................................................................................... 3

    B.   Plaintiffs' Prior Litigation Failures ................................................. 4

III.  APPLICABLE LEGAL STANDARD ..................................................... 5

IV.   ARGUMENT ............................................................................... 7

    A.   Plaintiffs' FLSA, CMWA And CWPL Claims Are Time-Barred In
            Whole Or In Part ........................................................................... 7

    B.   Plaintiffs' Own Allegations Regarding Their Pay And Purported
            Hours Worked Confirm That Their Minimum Wage Claims Lack
            Merit ........................................................................................... 11

    C.   Plaintiffs Fail To Plead Facts Sufficient To Support A Plausible
            Claim Under the CWPL ............................................................... 12

    D.   Plaintiffs Fail To Plead Facts Sufficient To Support A Plausible
            Inference Of Employment By Defendants Or Any Subcontractor of
            MasTec ....................................................................................... 13

    E.   The Court Should Dismiss Plaintiffs' FAC Without Leave To Amend ...... 15

V.    CONCLUSION ............................................................................. 16

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009) ....................................................................................... *passim*

*Asp v. Milardo Photography, Inc.,*
573 F. Supp. 2d 677 (D. Conn. 2008) ...................................................... 9

*Bell Atlantic v. Twombly,*
550 U.S. 544 (2007) ................................................................. 5, 6, 7, 16

*Brock v. Superior Care, Inc.,*
840 F.2d 1054 (2d Cir. 1988) ................................................................ 8

*Butler v. East Lake Mgmt.,*
2012 WL 2115518 (N.D. Ill. June 11, 2012) ........................................... 9

*Cavallaro v. UMass Mem. Health Care, Inc.,*
971 F. Supp. 2d 139 (D. Mass. 2013) .................................................. 15

*Colson v. Avnet, Inc.,*
687 F. Supp. 2d 914 (D. Ariz. 2010) ..................................................... 8

*Datto Inc. v. Braband,*
856 F. Supp. 2d 354 (D. Conn. 2012) ................................................... 6

*Davis v. Abington Memorial Hospital,*
765 F.3d 236 (3d Cir. 2014) ............................................................. 7, 11

*Dennis v. Watco Cos., Inc.,*
631 F.3d 1303 (10th Cir. 2011) ............................................................. 7

*Foman v. Davis,*
371 U.S. 178 (1962) .............................................................................. 15

*Jones v. Bock,*
549 U.S. 199 (2007) .............................................................................. 11

*Landers v. Quality Communications,*
771 F.3d 638 (9th Cir. 2014) .................................................................. 7

*Lang, et al. v. DIRECTV, Inc.*,
   No. 10-1085 (E.D. La. 2010) ............................................................................... 4, 5, 10

*Lundy v. Catholic Health Systems of Long Island Inc.*,
   711 F.3d 106 (2d Cir. 2013) ............................................................................................ 7

*McLaughlin v. Richland Shoe Co.*,
   486 U.S. 128 (1988) ...................................................................................................... 8

*Nicholson v. UTI Worldwide, Inc.*,
   2010 WL 551551 (S.D. Ill. Feb. 12, 2010) ................................................................ 11

*Powanda v. Inteplast Group, LTD., L.P.*,
   2015 WL 1525737 (D. Conn. April 3, 2015) .............................................................. 9

*Rowlett v. Michigan Bell*,
   2013 WL 308881 (W.D. Mich. Jan. 25, 2013) .......................................................... 9

*Smith v. Pizza Hut, Inc.*,
   694 F. Supp. 2d 1227 (D. Col. 2010) ....................................................................... 15

*Topp v. Lone Tree Athletic Club, Inc.*,
   2014 WL 3509201 (D. Col. Jul. 15, 2014) ................................................................ 8

**Statutes**

29 U.S.C. § 201 .................................................................................................................... 1

29 U.S.C. § 206 .................................................................................................................. 13

29 U.S.C. § 206(a)(1)(C) ................................................................................................... 12

29 U.S.C. § 255(a) ......................................................................................................... 2, 7

Conn. Gen. Stat. § 31-58 .................................................................................................... 1

Conn. Gen. Stat. § 31-58(i) .............................................................................................. 12

Conn. Gen. Stat. § 31-60(a) ............................................................................................. 13

Conn. Gen. Stat. § 31-71c .................................................................................................. 1

Conn. Gen. Stat. § 31-71e .................................................................................................. 1

Conn. Gen. Stat. § 31-73 .................................................................................................... 1

Conn. Gen. Stat. § 52-596 ........................................................................................... 2, 9

**Other Authorities**

29 C.F.R. § 778.111(a) ................................................................................................... 11

**Rules**

Fed. R. Civ. P. 8 .............................................................................................................. 5

Fed. R. Civ. P. 8(a)(2) ................................................................................................ 5, 16

Fed. R. Civ. P. 12(b)(6) .............................................................................................. 1, 5

Fed. R. Evid. 201(b)(2) ................................................................................................... 5

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants DIRECTV, LLC ("DIRECTV") and MasTec North America, Inc. ("MasTec," and collectively with DIRECTV, "Defendants") submit this Memorandum of Law in support of their Motion to Dismiss ("Motion") the claims of Plaintiffs Michael Grettler and Brian Perniciaro ("Plaintiffs") as asserted against Defendants in the First Amended Complaint ("FAC") filed in this matter on March 31, 2015.  (Dkt. 95, Exh. 2)

## I.   INTRODUCTION AND SUMMARY OF ARGUMENT

This is a wage and hour case brought by two individual plaintiffs under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), the Connecticut Minimum Wage Act ("CMWA"), Conn. Gen. Stat. §§ 31-58, *et seq.*, and Connecticut's Wage Payment Laws ("CWPL"), Conn. Gen. Stat. §§ 31-71c, 31-71e and 31-73.   Grettler asserts individual claims against both DIRECTV and MasTec, and Perniciaro asserts individual claims against DIRECTV, based on work that they performed as "independent contractors" directly for entities which they conspicuously fail to name as defendants.  (FAC, ¶¶ 78 and 84)  Specifically, Plaintiffs allege that Defendants violated the minimum wage and overtime pay requirements of the FLSA and the CMWA.  (FAC, Counts I and II)  Plaintiffs also allege that Defendants violated the CWPL by failing to pay them all wages allegedly due, and by taking "unauthorized" deductions from their wages.  (FAC, Counts III and IV)  Through this Motion, Defendants seek dismissal of Plaintiffs' claims on four distinct grounds.

First, Plaintiffs' FLSA minimum wage and overtime claims, as well as their CMWA and CWPL claims, are time-barred in part under the governing two-year statutes

of limitations ("SOL"); 29 U.S.C. § 255(a); Conn. Gen. Stat. §§ 52-596.   Specifically, based on Plaintiffs' allegations and applying the two-year SOLs, Grettler and Perniciaro's federal and state claims asserted against DIRECTV are time-barred (in whole or in part) because they accrued more than two years before each Plaintiff first filed any claims against DIRECTV.  Similarly, Grettler's claims asserted as to MasTec are time-barred in part because his claims accrued more than two years before he filed his claims against MasTec.

Second, the allegations of the FAC not only fail to support Plaintiffs' federal and state minimum wage claims, those allegations confirm that Plaintiffs' effective hourly rates exceeded the minimum wage rates under federal and state law.

Third, Plaintiffs fail to plead facts sufficient to support a plausible claim against Defendants for unpaid wages and unlawful deductions from earned wages under the CWPL.

Fourth, Plaintiffs fail to plead facts sufficient to support a reasonable inference that they were employed by Defendants for their claims arising out of services performed as "independent contractors" of non-Defendant entities.  The FAC is bare of any allegations that as "independent contractors" these Plaintiffs were ***directly*** hired, supervised or paid by Defendants.  What Plaintiffs instead allege in wholly conclusory fashion is that the payments they received from certain non-Defendant entities (*e.g.*, Halsted Communications, Ltd., Total Media Installations and AKF Marketing) — the entities which actually hired and paid them for the work at issue — were insufficient to satisfy the minimum wage and overtime pay requirements of the FLSA and the CMWA.

In that regard, although Plaintiffs fail to allege that they received wage payments directly from either DIRECTV or MasTec, they do assert that Defendants violated the CWPL by allegedly failing to pay them all "wages earned" and by somehow taking "unauthorized" deductions from their "wages."  In sum, instead of seeking relief from the non-Defendant entities for which they worked and by which they were in fact paid, Plaintiffs seek to establish DIRECTV and MasTec's responsibility for the alleged wage underpayments through a highly speculative joint employment theory of liability.  But Plaintiffs fail to plead facts sufficient to raise reasonable inferences that they were employees of the entities that directly engaged their Services, or that DIRECTV or MasTec was their "joint employer" along with those entities, and such inferences are essential to Plaintiffs stating a plausible claim of joint employment against DIRECTV and/or MasTec.

Based on the foregoing and for the additional reasons discussed herein, Defendants seek dismissal of Plaintiffs' FAC in its entirety and without leave to amend.

## II.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### A.    The Parties

Defendant DIRECTV is a provider of satellite television services to customers throughout the United States.  (FAC, ¶ 1)  MasTec, among other business interests, sometimes contracts as a Home Service Provider ("HSP") with DIRECTV to supply satellite installation and repair services ("Services") to DIRECTV customers through qualified service technicians ("Technicians").  (FAC, ¶¶ 11, 13)[1]

---

[1] Plaintiffs also refer to Halsted Communications, Ltd. ("Halsted") throughout the FAC, although they fail to name Halsted as a defendant.  (FAC, ¶¶ 33, 34, 35, 74 and 80)

*Continued on following page*

Although many of the Technicians through which MasTec provides Services for DIRECTV are MasTec's own W-2 employees, MasTec does sometimes subcontract with independently owned subcontractors to provide Services to DIRECTV customers. When MasTec enters into such agreements, however, it is the subcontractor that directly engages and directly pays the Technician who performs the Services. Plaintiffs fail to allege any specific facts in the FAC regarding the nature of their work relationships with the subcontractors or other entities for which they directly performed Services and by which they were directly paid for those Services.

Plaintiffs claim in conclusory fashion that they were "jointly employed" by DIRECTV and MasTec, and that they "worked" for DIRECTV, MasTec, Halsted, Total Media Installations and AKF Marketing. But, again, Plaintiffs fail to allege specific facts regarding the nature of their "independent contractor" relationships with the non-Defendant entities that are identified in the FAC (*i.e.*, the entities for which it appears they directly performed Services), and Plaintiffs' failure to plead such facts is fatal to their claims.

**B.    Plaintiffs' Prior Litigation Failures**

This lawsuit is not the first in which Technicians, including Plaintiffs, have brought FLSA claims against DIRECTV and MasTec without naming as defendants any of the subcontractors or entities for which they actually worked and were paid. Plaintiffs were opt-in plaintiffs in *Lang, et al. v. DIRECTV, Inc.*, No. 10-1085 (E.D. La. 2010) ("*Lang*"),

---

*Continued from previous page*
Like MasTec, Halsted provided Technicians to perform services for DIRECTV customers before Halsted's acquisition by MasTec in 2011.  (FAC, ¶¶ 33, 34 and 35)

the FLSA collective action filed nearly five years ago against DIRECTV in the Eastern District of Louisiana.  (FAC, at 71; *Lang* Dkt. 1)  In decertifying the collective in *Lang*, the district court dismissed without prejudice the claims of all opt-ins, and barred them from joining, pursuing or initiating a class or collective action for the claims made in *Lang*, and granted the dismissed plaintiffs a sixty-day tolling window in which to refile their claims individually.  (*Id.*; *Lang* Dkt. 467, at 1-2)[2]  The instant lawsuit is Plaintiffs' response to the *Lang* orders.

## III.    APPLICABLE LEGAL STANDARD

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of a complaint against the pleading requirements set forth in Rule 8.   Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8 (a)(2).  As the United States Supreme Court has explained, the purpose of this rule is to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests."  *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) ("*Twombly*"); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ("*Iqbal*").

To survive a motion to dismiss, a cause of action must be supported by "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 55 U.S. at 570.  While Rule 8(a)(2) does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."   *Iqbal*, 556 U.S. at 678.   Hence, a pleading that offers only "labels and conclusions" or "a formulaic

---

[2] The Court may properly take judicial notice of relevant documents and orders from other court proceedings between the parties in deciding a motion to dismiss under Rule 12(b)(6).  *See* Fed. R. Evid. 201(b)(2).

recitation of the elements of a cause of action" will not do.  *Twombly*, 550 U.S. at 555.

Nor will a complaint suffice if it tenders mere "'naked assertion[s]' devoid of 'further

factual enhancement.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *see

also Datto Inc. v. Braband*, 856 F. Supp. 2d 354, 362-363 (D. Conn. 2012).

      Under this standard, "[a] claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant

is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  The plausibility standard

"asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.*

"[W]here the well-pleaded facts do not permit the court to infer more than the mere

possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the

pleader is entitled to relief.'"  *Id.* at 679 (quoting Rule 8(a)(2)).  Even a complaint that

pleads facts that are consistent with a defendant's liability is alone insufficient.  *Id.*

Rather, the alleged facts must allow the court to reach a reasonable inference that the

defendant is liable.  *Id.*

      In determining whether a complaint meets this standard, "the tenet that a court

must accept as true all of the allegations contained in a complaint is inapplicable to legal

conclusions.  Threadbare recitals of the elements of a cause of action, supported by

mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678.  Thus, as the

United States Supreme Court has stated:

> "In keeping with those principles a court considering a motion to
> dismiss can choose to begin by identifying the pleadings that,
> because they are no more than conclusions, are not entitled to the
> assumption of truth.  While legal conclusions can provide the
> framework of a complaint, they must be supported by factual
> allegations."

*Id.* at 679.   Only a complaint that states a plausible claim for relief based on these standards can survive a motion to dismiss.   *Id.*   Moreover, this plausibility requirement applies equally to all civil actions, including those asserting FLSA claims.   *Lundy v. Catholic Health Systems of Long Island Inc.*, 711 F.3d 106, 114-15 (2d Cir. 2013) (affirming dismissal of FLSA claims where plaintiffs failed to plead a plausible FLSA violation under the *Iqbal/Twombly* pleading standards); *see also Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 240-42 (3d Cir. 2014) (affirming dismissal of FLSA class action where plaintiffs failed to allege plausible inference of any FLSA violation); *Landers v. Quality Communications*, 771 F.3d 638 (9th Cir. 2014) (affirming dismissal of minimum wage and overtime claims under the FLSA brought by technicians who were paid on a piece-rate basis, where the plaintiffs failed to plead facts necessary to state a plausible claim consistent with *Iqbal/Twombly*); *Dennis v. Watco Cos., Inc.*, 631 F.3d 1303 (10th Cir. 2011) (affirming dismissal of FLSA claims under *Twombly* pleading standard).

## IV.   ARGUMENT

### A.   Plaintiffs' FLSA, CMWA And CWPL Claims Are Time-Barred In Whole Or In Part

Plaintiffs predicate their FLSA, CMWA and CWPL claims (in whole or in part) upon alleged employment that falls outside the FLSA's two-year SOL, as well as Connecticut's two-year SOL.

Under the FLSA, the standard two-year SOL applies to Plaintiffs' claims because they do not plead facts sufficient to support a reasonable inference that Defendants engaged in "willful" misconduct.   29 U.S.C. § 255(a).   "Willful" means that the employer

"knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [FLSA]."  *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988); *Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1061 (2d Cir. 1988).

Here, the FAC contains scant references to "willful" misconduct and those few references consist solely of bare legal conclusions.  (*See, e.g.*, FAC, ¶¶ 91 and 92) (Defendants "acted willfully and knew or showed reckless disregard in its [sic] violation of the FLSA.")  Again, such conclusory allegations must be disregarded entirely for purposes of this Motion.  *See Iqbal*, 556 U.S. at 678 ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions").

Apart from the Plaintiffs' conclusory allegations of "willfulness," the FAC contains nothing to support a reasonable inference of willful misconduct by any Defendant. Plaintiffs do not allege, for example, that they ever complained to anyone at DIRECTV or MasTec about their wage payments.  In fact, Plaintiffs do not allege that they ever communicated with either Defendant regarding their alleged underpayment of wages, or that Defendants were even aware of the methodology by which Plaintiffs were paid by subcontractors or other non-Defendant entities.  It follows that the normal two-year SOL presumptively applies to Plaintiffs' FLSA claims.  *See*, *e.g.*, *Colson v. Avnet, Inc.*, 687 F. Supp. 2d 914, 921 (D. Ariz. 2010) (granting motion to dismiss finding that "Plaintiff has failed to state a plausible claim that Defendant acted with a mental state reflecting wilfulness" under the FLSA); *Topp v. Lone Tree Athletic Club, Inc.*, 2014 WL 3509201 at *8 (D. Col. Jul. 15, 2014) (refusing to extend the FLSA limitations period to

three years where the plaintiff alleged only that "Defendant acted willfully and knew, or showed reckless disregard of whether, its conduct was prohibited by the FLSA") (Exh. 3); *Rowlett v. Michigan Bell*, 2013 WL 308881 at *2 (W.D. Mich. Jan. 25, 2013) (adopting order dismissing FLSA claim as time-barred under two-year statute of limitations, because "while Plaintiff makes the conclusory assertion that [Defendant] acted willfully, Plaintiff has failed to allege any facts which would establish such") (Exh. 4); *Butler v. East Lake Mgmt.*, 2012 WL 2115518 at *5 (N.D. Ill. June 11, 2012) (granting motion to dismiss complaint based upon plaintiff's "barebones" allegations that failed to plead willfulness) (Exh. 5).[3]

Likewise, a two-year SOL applies to Plaintiffs' claims under Connecticut state law.  Specifically, Conn. Gen. Stat. § 52-596 sets forth that "no action for the payment of remuneration for employment payable periodically shall be brought but within two years after the right of action accrues."  The only instance where Connecticut's two-year SOL period increases is if the plaintiff has filed a complaint for failure to pay wages with the Labor Commissioner.  Conn. Gen. Stat. § 52-596; *Asp v. Milardo Photography, Inc.*, 573 F. Supp. 2d 677 (D. Conn. 2008).  Plaintiffs do not allege that such a complaint was ever made to the Connecticut Department of Labor.  Thus, based on the allegations of the FAC, Plaintiffs' CMWA and CWPL claims are subject to Connecticut's two-year SOL and subject to dismissal (in whole or in part) as discussed below.  *Powanda v. Inteplast Group, LTD., L.P.*, 2015 WL 1525737, at *2 (D. Conn. April 3, 2015) (granting motion to

---

[3] Copies of all unpublished decisions cited in support of Defendants' Motion have been submitted as Exhibits to this Motion as indicated herein.

dismiss Connecticut state wage claims that accrued prior to the applicable two-year SOL) (Exh. 6)

Here, applying the applicable two-year SOL, Plaintiff Perniciaro, who first brought claims against DIRECTV in the *Lang* litigation by filing a consent to become a party plaintiff on September 19, 2012, see FAC, ¶ 71; *Lang* Dkt. No. 332 (Exh. 7), any claims asserted herein against DIRECTV that accrued before September 19, 2010 are time-barred.  Perniciaro admits that his claims arise out of payments for Services between 2008 and July 2010.  (FAC, ¶ 80)  It follows that all the claims asserted by Perniciaro against DIRECTV are time-barred in their entirety as they accrued prior to the two-year SOL cut-off date.

Likewise, Plaintiff Grettler, who first brought claims against DIRECTV in the *Lang* litigation by filing a consent to become a party plaintiff on August 9, 2012, see FAC, ¶ 71; *Lang* Dkt. No. 306 (Exh. 8), is barred from pursuing any claims against DIRECTV that accrued prior to August 9, 2010.  Grettler admits that his claims arise out of payments for Services between December 2002 to March 2014.  (FAC, ¶ 73)  Thus, any claims asserted by Grettler as to DIRECTV arising out of Services performed between December 2002 and August 8, 2010 are time-barred.

Grettler's claims against MasTec are also time-barred in part.  Grettler, who first brought claims against MasTec in this matter filed on November 1, 2013, is barred from asserting claims against MasTec that accrued before November 1, 2011.  (Dkt. 1)

Based on the foregoing, the Court should dismiss all the claims asserted by Perniciaro against DIRECTV as they are completely time-barred, and the claims

asserted by Grettler against DIRECTV to the extent that his claims accrued prior to August 9, 2010.  Likewise, Grettler's claims against MasTec are time-barred in part and should be dismissed in part and in accordance with the governing two-year SOLs.  *See* *Jones v. Bock*, 549 U.S. 199, 215 (2007) ("A complaint is subject to dismissal for failure to state a claim if the allegations . . . show that relief is barred by the applicable statute of limitations").

### B.   Plaintiffs' Own Allegations Regarding Their Pay And Purported Hours Worked Confirm That Their Minimum Wage Claims Lack Merit

During the period of time that Plaintiffs contend they were underpaid, their effective hourly wage rates exceeded the minimum wage rates set under the FLSA and Connecticut state law.  That conclusion is supported by Plaintiffs' own allegations and the application of simple arithmetic.  *See* 29 C.F.R. § 778.111(a) (setting forth the methodology for calculating the "regular hourly rate of pay" for an employee who is paid on a "piece-rate" basis); *Davis,* 765 F.3d at 244 (plausible minimum wage claim is not pled "when all compensated and non-compensated hours are divided into the weekly pay, [and] the employee's average hourly pay still exceeds the FLSA minimum"); *Nicholson v. UTI Worldwide, Inc.*, 2010 WL 551551, at *4-5 (S.D. Ill. Feb. 12, 2010) (dismissing minimum wage claim explaining that where the employee's total weekly wage is equal to or greater than his hours worked multiplied by the minimum hourly rate, the employer has satisfied the minimum wage requirement) (Exh. 11).

Plaintiffs have failed to plausibly allege that they were subjected to an effective

wage rate that was less than the minimum wage required by federal and state law.[4] Specifically, Grettler alleges he worked 45 hours and was paid $1,000 per week, net of chargebacks, and that this $1,000 was reduced by unreimbursed business expenses of $32 per week.  (FAC, ¶ 77)  In sum, Grettler alleges that he worked approximately 45 hours and was paid $968 per week (*i.e.*, $1,000 − $32).  Simple long division confirms that Grettler was paid an effective hourly rate of $21.51 (*i.e.*, $968 ÷ 45), a rate well above the *current* FLSA and Connecticut minimum wage rates.

Perniciaro alleges "he would work 60 hours" and was paid $1,500 per week, net of chargebacks, and that this $1,500 was reduced by unreimbursed business expenses of $289 per week.  (FAC, ¶ 83)  Thus, Perniciaro alleges that he worked approximately 60 hours and was paid $1,211 per week.  Again, long division confirms that Perniciaro was paid an effective hourly rate of $20.18 (*i.e.*, $1,211 ÷ 60), which is well in excess of the current applicable minimum wage rates.

It follows that the allegations of the FAC not only fail to support plausible claims for minimum wage violations, but in fact confirm that Plaintiffs were always paid more than the FLSA and CMWA minimum wage rates for their alleged work.

**C.**      **Plaintiffs Fail To Plead Facts Sufficient To Support A Plausible Claim Under the CWPL**

Plaintiffs' conclusory allegations that Defendants failed to pay them all "wages earned" and that "chargebacks" constituted "unlawful deductions" from their "wages" are

---

[4] The federal minimum wage is currently $7.25 per hour, effective since July 24, 2009. 29 U.S.C. § 206(a)(1)(C).  Connecticut's state minimum wage is ***currently*** set at $9.15 per hour, effective since January 1, 2015.  Conn. Gen. Stat. § 31-58(i).

inadequate to support a plausible claim under the CWPL.  (FAC, ¶¶ 107 and 114)  First, and as explained in Section IV, D. *infra*, Plaintiffs have failed to plead facts sufficient to raise a reasonable inference that DIRECTV, MasTec, a subcontractor or any other entity ever made "wage" payments to Plaintiffs as "independent contractors", or ever had any obligation to do so under the CWPL.   Second, even assuming that any payments made to Plaintiffs constituted "wages," Plaintiffs' allegations fail to raise a reasonable inference of unlawful "deductions" from those wages.   To the contrary, Plaintiffs' allegations simply describe a methodology by which those wages *were calculated* in the first instance – a methodology that Plaintiffs "conclude" is unlawful, but that fails to involve "deductions" as prohibited by the CWPL.   Plaintiffs' conclusory allegations concerning the purported earned wages allegedly due and the effect of chargebacks on the *calculation* of their alleged wages do not support a plausible claim under the CWPL.

**D.** **Plaintiffs Fail To Plead Facts Sufficient To Support A Plausible Inference Of Employment By Defendants Or Any Subcontractor of MasTec**

It is well settled that the FLSA, CMWA and CWPL only impose wage obligations on "employers."   *See, e.g.*, 29 U.S.C. § 206 (setting forth minimum wage obligations of "employers"), and § 207 (providing that "no employer" shall deny its employees earned overtime pay); Conn. Gen. Stat. § 31-60(a) (setting forth minimum wage obligations of "employers"), § 71-c (providing that the "employer" shall pay wages due within the proscribed period of time), § 71-e (providing that "no employer" may withhold or divert an "employee's wages"), and § 73 (providing that "no employer" shall "demand, request,

receive or exact any refund of wages").  Equally clear is that a plaintiff asserting claims under the FLSA, CMWA and CWPL must plead facts sufficient to demonstrate a defendant's status as *an* "employer" generally, and as *the* "employer" of the plaintiff, both as defined by the FLSA and Connecticut state law.  Plaintiffs have done neither of these things in this case.   These omissions *alone* support the Court's granting this Motion.

As previously noted, the FAC is devoid of any allegations that Defendants directly hired, supervised and/or paid them.   Instead, Plaintiffs plead in conclusory fashion that alleged payments that they received as "independent contractors" from subcontractors or other entities for Services performed were insufficient to satisfy minimum wage and overtime pay requirements, and seek recovery for the alleged underpayments against Defendants through a joint employment theory.    These allegations are classic examples of "conclusory allegations" and "'naked assertion[s]' devoid of 'further factual enhancement.'"  *Iqbal*, 556 U.S. at 679.  The United States Supreme Court has emphatically held that such allegations "do not suffice" and "will not do" to support a plausible claim for relief.  *Id.*

Although Plaintiffs repeatedly mix and match the named Defendants and other entities in a "three card monte" pleading scheme, relying on ambiguous group terms and labels to obscure the fact that these entities are independent and, in some respects, competitive businesses, they fail to plead any specific facts regarding the entities (Halsted Communications, Ltd., Total Media Installations and AKF Marketing) which actually engaged and paid for their work as Technicians.  Without pleading facts

sufficient to support a reasonable inference of _employment_ by those entities, Plaintiffs necessarily fail to allege a plausible claim of _joint employment_ against Defendants.  Put another way, Defendants cannot possibly be considered the _joint_ employer of an individual "independent contractor" who has failed to plead facts sufficient to raise a reasonable inference that he was _employed at all_.  _See, e.g._, _Smith v. Pizza Hut, Inc._, 694 F. Supp. 2d 1227, 1229 (D. Col. 2010) (granting defendant's motion to dismiss an FLSA complaint, holding the complaint "inadequate" under _Iqbal_ because of its "lack of clarity" and "conclusory allegations, and explaining that "[b]oth the Defendant and this Court are entitled to a Complaint that provides clear notice of what claims are at issue"); _Cavallaro v. UMass Mem. Health Care, Inc._, 971 F. Supp. 2d 139, 147-49 (D. Mass. 2013) (granting the defendants' motion to dismiss FLSA claims against all alleged "joint employers" based on the plaintiff's failure to satisfy the _Iqbal/Twombly_ pleading standards).

### E.    The Court Should Dismiss Plaintiffs' FAC Without Leave To Amend

While the Court has broad discretion with respect to granting leave to amend, such leave is not automatic.  _Foman v. Davis_, 371 U.S. 178, 182 (1962).  In fact, leave to amend may be denied for numerous reasons, including futility of amendment.  _Id._ Based on the long procedural history applicable to Plaintiffs' prior litigation attempts in different courts, it is clear that further amendment would be futile and that Plaintiffs' claims should be dismissed without further leave to amend.

**V.     CONCLUSION**

For all the foregoing reasons, the Court should dismiss Plaintiffs' FAC in its entirety because it fails to satisfy the pleading requirements set forth in Rule 8(a)(2), and by the United States Supreme Court in *Iqbal* and *Twombly*.

Respectfully submitted,

THE DEFENDANTS,

By:____/s/ Thomas E. Hill_____
        REED SMITH LLP
        Linda S. Husar (*PHV* 07007)
        CA Bar No. 93989
        Thomas E. Hill (*PHV* 07035)
        CA Bar No. 100861
        Christina T. Tellado (*PHV* 07390)
        CA Bar No. 298597
        355 South Grand Avenue, Suite 2800
        Los Angeles, CA  90071
        Telephone:  213-457-8000
        Facsimile:  213-457-8080
        Email:  lhusar@reedsmith.com
        Email:  thill@reedsmith.com

        AND

        HALLORAN & SAGE, LLP
        Scott S. McKessy (CT Bar No. 23259)
        315 Post Road
        Westport, CT  06880
        Telephone:  203-222-4321
        Facsimile:  203-227-6992
        Email:  mckessy@halloransage.com

        *Attorneys for Defendants*

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on the 5th day of June, 2015, I electronically filed the foregoing document with the Clerk of Court using the CMF/ECF system, which will send notification of such filing to all counsel of record.


/s/  *Thomas E. Hill*
Thomas E. Hill
