```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


MICHAEL GRETTLER, ET AL.,      :
                               :
     Plaintiffs,               :
                               :
v.                             :     Case No. 3:14-cv-1052 (RNC)
                               :
DIRECTV, LLC, ET AL.,          :
                               :
     Defendants.               :



WILLIAM AULIK, ET AL.,         :
                               :
     Plaintiffs,               :
                               :
v.                             :     Case No. 3:14-cv-1804 (RNC)
                               :
DIRECTV, LLC, ET AL.,          :
                               :
     Defendants.               :
```

## RULING AND ORDER

Plaintiffs bring these two cases against DIRECTV, LLC ("DIRECTV"), and MasTec North America, Inc. ("MasTec"), alleging that they were employed by defendants and that defendants violated federal and state wage-and-hour laws. Defendants have moved to dismiss (Grettler ECF No. 113; Aulik ECF No. 45) under Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, the motion is granted in part and denied in part.

I. Background

The first amended complaints allege the following. DIRECTV maintained a nationwide corps of service technicians through an

1

employment network comprised of Home Service Providers, Secondary Providers, subcontractors and service technicians (the "Provider Network"). Within this structure, MasTec was a Home Service Provider that performed middle-management functions between DIRECTV and technicians. Plaintiffs in these cases worked as satellite television installation technicians who were part of the Provider Network, either as "independent contractors" or direct employees of MasTec. Plaintiffs allege that they were employed by MasTec and/or DIRECTV for purposes of applying relevant federal and state employment laws.

Plaintiffs claim that while they were employed by defendants, they were compensated according to an unlawful piece-rate scheme used throughout DIRECTV's Provider Network. Under this scheme, plaintiffs were paid only for certain "productive" tasks, and were not paid for other work necessary to perform their jobs, such as assembling satellite dishes, driving to job assignments and obtaining supplies. In addition, plaintiffs were subjected to "chargebacks," whereby defendants would reduce plaintiffs' pay in certain circumstances, such as when a customer had a question after an installation or the equipment did not function properly. Plaintiffs' wages also were reduced because they were required to purchase necessary supplies - such as screws, cable, and gas - and were not reimbursed. According to plaintiffs, the effect of these policies and practices was to

compensate them in a way that violated federal and state wage-and-hour laws.

The complaints assert four counts: minimum wage and overtime claims under the Fair Labor Standards Act ("FLSA"); minimum wage and overtime claims under Connecticut law; failure to pay wages due under Connecticut law; and unlawful wage deductions under Connecticut law.  The defendants have moved to dismiss both complaints in their entirety.

II. Discussion

A Rule 12(b)(6) motion tests a complaint's legal sufficiency.  To withstand such a motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  Review under Rule 12(b)(6) occurs in two steps.  First, the court must separate the complaint's well-pleaded factual allegations from its legal conclusions.  Well-pleaded facts are accepted as true and viewed in the light most favorable to the plaintiff.  Id.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," must be disregarded.  Id.  Second, the court must determine whether the well-pleaded facts in the complaint support a plausible inference that the plaintiff is entitled to relief.  Id. at 678-79.  This standard "is not akin

to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). A complaint containing facts "that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557).

### A. Employment Relationship

Defendants argue that the complaints should be dismissed because plaintiffs have not plausibly alleged that they were employed by defendants. Plaintiffs' claims cannot succeed, defendants argue, because the complaints do not contain allegations regarding the entities that directly hired and compensated them.

The FLSA defines an employment relationship in a "broad" and "expansive" way. Zheng v. Liberty Apparel Co. Inc., 355 F.3d 61, 69 (2d Cir. 2003). Regulations promulgated under the statute "expressly recognize that a worker may be employed by more than one entity at the same time." Id. at 66. Thus, under a joint employment theory, a worker can be employed by a "primary employer" as well as a "joint employer." Id. at 67.

While defendants are correct that the complaints in these cases do not include factual allegations regarding the nature of plaintiffs' employment with non-party primary employers, the absence of such allegations is not fatal to their claims.

4

Defendants do not cite any authority other than Iqbal's plausibility standard for the proposition that a plaintiff must plead facts regarding his or her primary employer in order to allege an employment relationship with a joint employer.  Case law suggests that no such rule exists.  See Amponsah v. DIRECTV, No. 1:14-cv-03314-ODE, slip op. at 19 n.12 (N.D. Ga. Apr. 15, 2015) (rejecting similar argument, explaining that "[p]laintiffs may survive a motion to dismiss by alleging sufficient facts to make plausible their claim of employment by one joint employer without providing detailed allegations about the other"); Renteria-Camacho v. DIRECTV, Inc., No. 14-2529, 2015 WL 1399707, at *2 (D. Kan. Mar. 26, 2015) (rejecting similar argument on a motion to dismiss, holding that even though more information regarding subcontractor that employed plaintiff may be necessary later in the litigation, "such detail" was not required to survive motion to dismiss); Chao v. Westside Drywall, Inc., 709 F. Supp. 2d 1037, 1062 (D. Or. 2010) (analyzing whether defendants were joint employers, even though "no subcontractor ha[d] been identified and joined to this action as the actual employer").

Whether an employment relationship exists under the FLSA depends on the "economic reality of a particular employment situation," which courts in this Circuit analyze by looking to a series of formal and functional control factors.  Barfield v. New

5

York City Health & Hosps. Corp., 537 F.3d 132, 142 (2d Cir. 2008); see also Dixon v. Zabka, No. 3:11-CV-982 MPS, 2014 WL 6084351, at *3 (D. Conn. Nov. 13, 2014).  Under this case law, the complaints are sufficient if plaintiffs have plausibly alleged that the "economic reality" of their arrangement with the defendants constituted an employment relationship.  This test focuses on the relationship between plaintiffs and defendants.  Plaintiffs therefore can - and do - plead facts detailing their relationship with defendants without making any showing as to their primary employers.  That information regarding primary employers may be necessary at a later point does not mean it must be included in the complaint.  Because plaintiffs have sufficiently alleged that defendants were their employers under the FLSA, the motions to dismiss are denied.[1]

    Turning to the state law claims, the same analysis applies.  Using either the economic reality test developed under the FLSA or the control factors listed by the Connecticut Supreme Court in the context of individual liability, see Dixon, 2014 WL 6084351,

---

[1] Because defendants' challenge to the employment relationship is limited to the lack of allegations regarding plaintiffs' primary employers, it is not necessary to engage in a thorough analysis of the sufficiency of the allegations regarding defendants as plaintiffs' joint employers.  However, it is worth noting that the outcome here is consistent with the majority of other cases where courts have considered the question of joint employment by DIRECTV and denied motions to dismiss based on that issue.  See Mabry v. DIRECTV, LLC, No. 3:14CV-00698-JHM, 2015 WL 5554023, at *3 (W.D. Ky. Sept. 21, 2015) (noting weight of authority and collecting cases).

at *18-19, the plausibility of plaintiffs' claim that they were employed by defendants does not depend on plaintiffs' allegations regarding any of their other employers.  The motions to dismiss are therefore denied as to the state law claims on the question of joint employment.

    B. <u>Statute of Limitations</u>

In further support of their motions to dismiss, defendants argue that some or all of plaintiffs' claims are barred by two-year statutes of limitations under both the FLSA and Connecticut law.  The motions on this ground are denied as to the FLSA claims but granted as to the state law claims.

Taking the FLSA claims first, the statute of limitations is two years unless an employer "willfully" violates the statute, in which case the limitations period is extended to three years.  <u>Young v. Cooper Cameron Corp.</u>, 586 F.3d 201, 207 (2d Cir. 2009).  An employer acts with willfulness when it "'either knew or showed reckless disregard for the matter of whether its conduct was prohibited by' the Act."  <u>Id.</u> (quoting <u>McLaughlin v. Richland Shoe Co.</u>, 486 U.S. 128, 133 (1988)).

Defendants argue that the allegations of willfulness in the complaints are only bare legal conclusions that cannot support a plausible inference of willfulness.  Plaintiffs respond that the purpose of DIRECTV's employment network was to willfully avoid FLSA liability and that the factual allegations in the complaints

are sufficient.

I agree with plaintiffs that the complaints sufficiently allege willfulness on the part of the defendants. The complaints do more than simply assert in conclusory fashion that the defendants acted willfully. Plaintiffs allege that DIRECTV has "purposefully designed" its Provider Network to control its technicians without having to comply with wage-and-hour laws; that defendants' policies and practices "ensure DIRECTV controls its technicians' work, while deliberately disclaiming their status as employees under state and federal employment laws"; that DIRECTV failed to maintain time records and other documentation in order to "mask the economic realities of its employment relationship with Plaintiffs"; and that DIRECTV imposes these policies and practices to avoid paying minimum wage and overtime compensation owed to plaintiffs. <u>Grettler</u> Compl. (ECF No. 95) ¶¶ 31, 51, 52. These allegations rise above barebones, conclusory assertions and make it plausible that defendants acted willfully. Accordingly, the three-year statute of limitations may well apply. <u>See</u> <u>Acosta Colon v. Wyeth Pharm. Co.</u>, 363 F. Supp. 2d 24, 28-30 (D.P.R. 2005), <u>amended on reconsideration in part</u>, No. CIV. 03-2327 DRD, 2006 WL 508094 (D.P.R. Mar. 1, 2006).

Most courts that have considered this question in other DIRECTV cases have similarly concluded that plaintiffs'

allegations regarding willfulness were sufficient to trigger the three-year statute of limitations. See Mabry, 2015 WL 5554023, at *5; Alston v. DIRECTV, Inc., No. 3:14-CV-04093, 2015 WL 2451219, at *4 (D.S.C. May 22, 2015); Cooper v. DIRECTV, No. 2:14-cv-08097-AB, slip op. at 8-9 (C.D. Cal. May 21, 2015); Doucette v. DIRECTV, Inc., No. 2:14-CV-02800-STA, 2015 WL 2373271, at *5 (W.D. Tenn. May 18, 2015); Amponsah, No. 1:14-cv-03314-ODE, slip op. at 10 (N.D. Ga. Apr. 15, 2015); but see Chesley v. DIRECTV, Inc., No. 14-CV-468-PB, 2015 WL 3549129, at *7 (D.N.H. June 8, 2015).

   The cases on which defendants rely involved allegations that are conspicuously more conclusory and less detailed than the facts alleged here. See Topp v. Lone Tree Athletic Club, Inc., No. 13-CV-01645-WYD-KLM, 2014 WL 3509201, at *8 (D. Colo. July 15, 2014) (complaint included only the "[u]nsupported label" that defendant's violations were willful and no facts in support of that allegation); Rowlett v. Michigan Bell, No. 1:11-CV-1269, 2013 WL 308881, at *2 (W.D. Mich. Jan. 25, 2013) (holding that "conclusory assertion" that defendant acted willfully, without "any facts which would establish such," did not trigger three-year limitations period); Colson v. Avnet, Inc., 687 F. Supp. 2d 914, 921-22 (D. Ariz. 2010) (plaintiff did not allege any "specific facts" supporting willfulness determination). These cases lend support to the view that the complaints here go

beyond conclusory labels and plausibly allege willfulness.

As for the state law claims, plaintiffs do not have a response to defendants' argument that the statute of limitations is two years. Under Conn. Gen. Stat. § 52-596, "[n]o action for the payment of remuneration for employment payable periodically shall be brought within two years after the right of action accrues." See Asp v. Milardo Photography, Inc., 573 F. Supp. 2d 677, 695 (D. Conn. 2008). Plaintiffs offer no justification for applying a different period.

C. Minimum Wage Claims

On the minimum wage claims, defendants make two separate but related arguments. First, they argue that plaintiffs' allegations reflect effective hourly rates that are higher than applicable minimums. Second, they argue that the allegations do not allege minimum wage violations with enough specificity to make the claims plausible. I agree with defendants on their first argument and therefore do not reach the second one.

As a general matter, to state a minimum wage claim, a plaintiff must plausibly allege that his or her "average hourly wage f[ell] below the federal minimum wage." Johnson v. Equinox Holdings, Inc., No. 13 CIV. 6313 RMB JLC, 2014 WL 3058438, at *3 (S.D.N.Y. July 2, 2014) (quoting Lundy v. Catholic Health Sys. Of Long Island, Inc., 711 F.3d 106, 115 (2d Cir. 2013)). The average hourly wage for an employee who works on a piece-rate

basis is determined by adding together the employee's total earnings for a week and dividing it by the number of hours the employee worked in that week.  See 29 CFR § 778.111(a).

In the complaints, plaintiffs allege that defendants' policies of imposing chargebacks, failing to compensate plaintiffs for all hours worked, and failing to reimburse plaintiffs for necessary business expenses meant that plaintiffs were "routinely . . . subjected to an effective wage rate below that required by applicable law." Grettler Compl. (ECF No. 95) ¶ 69.  However, the complaints also include workweek estimates for each plaintiff, and defendants point out that these estimates, taken as true, show that each plaintiff was compensated at a rate above the minimum wage in any given workweek.

Plaintiffs do not dispute defendants' calculations but instead respond that just because they were paid at an effective rate above the minimum wage for a given week does not mean their rates of pay were above the minimum in other weeks.  The minimum wage claims should not be dismissed on the facts alleged, plaintiffs argue, because those facts do not conclusively show that plaintiffs never worked at an effective wage rate below the minimum.  Rather, plaintiffs contend, the motion to dismiss should be denied and a ruling on the sufficiency of the claims deferred until after discovery.

I agree with defendants that plaintiffs' arguments are

11

unavailing because they rely on the type of pleading that is not sufficient under Twombly and Iqbal.  In response to defendants' arithmetic, plaintiffs contend that their minimum wage claims are still possible on the facts alleged.  Pls.' Opp'n (ECF No. 115) at 23.  To survive a motion to dismiss, however, the complaint must "nudge[]" plaintiffs' claims "across the line from conceivable to plausible."  Iqbal, 556 U.S. at 680.  Under this standard, while plaintiffs' general allegations standing alone may be sufficient - a question that is not necessary to reach here - those allegations cannot state a claim that crosses the line to plausible when the only specific facts about hours and pay show an average rate higher than minimum wage.  Plaintiffs are correct that the workweek estimates do not make it impossible to state a claim for minimum wage violations.  But given the greater-than-minimum-wage workweek estimates in the complaints, the court cannot "draw the reasonable inference that the defendant is liable for the misconduct alleged" without additional facts that plausibly show plaintiffs were compensated below minimum wage in one or more weeks.  Iqbal, 556 U.S. at 678.

    Two courts that have faced similar pleadings and arguments in DIRECTV cases have both reached the same conclusion - that plaintiffs' claims failed on the facts alleged. See Andersen v. DIRECTV Inc., No. 2:14-cv-02307-SRB, slip op. at 4-6 (D. Ariz. May 5, 2015) (holding that minimum wage claims were insufficient

when plaintiffs identified workweeks with average hourly wages above the minimum wage, but had not expressly identified workweeks in which they were paid below the minimum wage); Cooper v. DIRECTV, No. 2:14-cv-08097-AB, slip op. at 5-7 (C.D. Cal. May 21, 2015) ("Given their affirmative allegations that they earned average weekly rates above the minimum wage, Plaintiffs must at minimum identify a single week within the limitations period in which they earned a rate below the minimum wage to state a viable minimum wage claim.").

At oral argument, plaintiffs urged the Court to rely on a recent decision denying a similar motion to dismiss based on factual allegations that demonstrated a wage rate higher than minimum wage.  See Buttita v. DIRECTV, No. 3:14cv566/MCR/EMT, slip op. at 9-11 (N.D. Fla. Nov. 19, 2015).  In that decision, however, the court noted that defendants' calculations did not account for chargeback amounts alleged by plaintiffs.  Id.  By contrast, the complaints here do not put forward any specific allegations regarding how much compensation in a given workweek was withheld as a chargeback, or that the weekly payment estimates did not already include subtractions for the chargebacks.  In addition, although detailed weekly figures and calculations may not be necessary at the pleading stage, Iqbal requires more than "a sheer possibility" that plaintiffs were paid below minimum wage.  Iqbal, 556 U.S. at 678; see also Lundy,

13

711 F.3d at 115 (affirming dismissal of FLSA overtime claims even though plaintiff's work shifts, as pleaded, could theoretically mean she worked more than 40 hours per week at some point).

Because plaintiffs' minimum wage claims fail under the FLSA, they also fail under Connecticut law. See Hendricks v. J.P. Morgan Chase Bank, N.A., 677 F. Supp. 2d 544, 559-60 (D. Conn. 2009).

   D. Remaining State Law Claims

Defendants' final argument is that the complaints do not support plausible claims for failure to pay wages due and unlawful wage deductions under Connecticut law.  In support of this argument, defendants contend that they never had any obligation to pay wages to plaintiffs, and that even if they did, plaintiffs have failed to allege any unlawful deductions from wages.  I disagree with defendants on both points, so the motions will be denied.

Defendants' argument that they never made or were obligated to make wage payments to plaintiffs is a different way of challenging the existence of an employment relationship.  As discussed in Section II(A), plaintiffs have sufficiently alleged that they were employed by defendants for purposes of the federal and state claims at issue here.

Turning to the argument regarding the unlawful deductions claims, defendants do not cite any authority other than general

14

pleading requirements under Iqbal for the proposition that the complaints are insufficient.  In response, plaintiffs assert that they have plausibly alleged that defendants violated the state statutes by imposing chargebacks.  I agree with plaintiffs that the allegations are sufficient to state a claim for unlawful deductions, especially in light of case law that treats these claims as presenting issues of fact.  See Emerick v. Kuhn, No. CV 940460869S, 1996 WL 278355, at *5 (Conn. Super. Ct. May 7, 1996) (denying summary judgment motion on § 31-71e claim because "[w]hether or not plaintiff's salary reduction was a bona fide one or an illegal one is a question of fact for a jury to decide after it has heard all the evidence").

III. Conclusion

Accordingly, defendants' motions to dismiss (Grettler ECF No. 113; Aulik ECF No. 45) are hereby granted in part and denied in part.

Plaintiffs' motions requesting an opportunity to seek leave to amend (Grettler ECF No. 116; Aulik ECF No. 50) are hereby granted.  If plaintiffs seek leave to amend within thirty days of the date of this order, the Court will at that point take up defendants' arguments regarding whether leave should be granted.

So ordered this 31st day of March 2016.

/s/ RNC
Robert N. Chatigny
United States District Judge